### E. W. BLACK V. THE STATE.

No. 11500. Delivered April 4, 1928.

**1.—Theft by Bailee—Evidence—Held Insufficient.**

Where it was shown that prosecuting witness paid to appellant the sum of $100 as earnest money for the purchase of property, with the understanding that appellant should keep the money if witness failed to carry out his agreement to purchase, the refusal of appellant to return the money on the failure of prosecuting witness to perform his agreement of purchase, would not constitute theft by bailee.

**2.—Same—Continued.**

Mr. Greenleaf says: "Where goods were taken under a claim of right, if the prisoner had any fair color of title, or if the title of the prosecutor be brought in doubt at all, the court will direct an acquittal, it being improper to settle such disputes in a form of process affecting men's lives and liberty or reputation." Where the taking is under a claim of right the question of title should be settled in a civil suit. See Evans v. State, 15 Tex. Crim. App. 38; Seymour v. State, 12 Tex. Crim. App. 391, and Branch's P. C., p. 1337.

Appeal from the District Court of Bexar County. Tried below before the Hon. C. J. Matthews, Judge.

Appeal from a conviction for theft by bailee, penalty two years in the penitentiary.

The opinion states the case.

*Heilbron, Kilday & Howard* of San Antonio, for appellant. On conversion in good faith, appellant cites: Fleener v. State, 23 S. W. 1-3 (Ark.); State v. Hurley, 234 S. W. 823 (Mo.); Stalling v. State, 29 Tex. Crim. App. 220; Wolf v. State, 14 Tex. Crim. App. 210 (citing Mullins v. State, 37 Texas, 337; Johnson v. State, 1 Tex. Crim. App. 118); Young v. State, 34 Tex. Crim. Rep. 290; Miller v. State, 191 S. W. 1163; Taylor v. State, 50 Tex. Crim. Rep. 377; Simpson v. State, 96 S. W. 925, and Corpus Juris, Vol. 20, p. 436.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense theft by bailee, punishment two years in the penitentiary.

The sufficiency of the evidence is questioned. The prosecution grew out of a transaction in which prosecuting witness delivered to appellant $100 as earnest money on the purchase of a house and lot in San Antonio, which witness contracted to purchase from the owner through appellant as agent. No deed or possession of the premises under contract was ever delivered to witness and it was proven that no part of the $100 was ever returned to witness. The evidence is not entirely clear and the facts do not seem to have been fully developed. Some of the evidence is sharply conflicting. The following facts, however, seem undisputed:

1. That appellant had the property listed for sale as agent.

2. That he contracted same as agent to witness by an instrument in writing which contained, among other things, stipulations which in substance provided that the contract was to be consummated within thirty days, provided title was good, and that failure to perform by buyer entitled seller and agent to the $60.00 then put up as earnest money with appellant.

3. That subsequent payments on the earnest money were made until the total amount was $100, the last of these being made on June 24, 1926.

4. On July 24, 1926, appellant wrote witness:

"I am ready to proceed with our contract to close sale to you of property located at 1014 Delaware Street. * * * Phone me Mission 1631 or write just what you want to do about the deal."

5. Witness through his attorneys on July 26, 1926, replied to the above letter in part as follows:

"There is really nothing to say about the matter. It strikes us that you have in your possession $100 that belongs to Mr.

Shields, and it is rather a difficult task to pry you loose from the money. * * * Therefore, we will give you to July 29, 1926, to refund this money to us, or to Mr. Shields and in case you fail to do so, we will try to have the authorities take a complaint against you for swindling."

The appellant had conducted the prosecuting witness to the owner's local representative in San Antonio who promised to get a definite answer from the owner, who appears to have been a non-resident, within two or three days. The local representative was not used as a witness by the state. Apparently while appellant was making an effort to get the property for witness, negotiations were broken off with a threat of prosecution. Under terms of the contract appellant had a right to retain the money in question if the buyer defaulted.

It has been said:

"Mr. Greenleaf says: 'Where the goods were taken under a claim of right, if the prisoner appears to have had any fair color of title, *or if the title of the prosecutor be brought into doubt at all,* the court will direct an acquittal, it being improper to settle such disputes in a form of process affecting men's lives and liberties or reputation'." Evans v. State, 15 Tex. Crim. App. 38.

"Where the taking is open and under a claim of right, the question of title should be settled in a civil suit. Seymore v. State, 12 Tex. Crim. App. 391." Branch's P. C., p. 1337.

There is some disputed incriminating testimony not herein recited, but the above apparently uncontradicted facts raise in our minds such a grave doubt as to the proven guilt of the appellant that we are not able to give our sanction to this conviction.

It is not plain from the proven facts that appellant acted with a fraudulent intent, or that his claim to the money was not grounded upon facts which justified him in believing he had title to the money in question. Stallings v. State, 29 Tex. Crim. Rep. 220. A fuller development of the facts may show otherwise.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.