**John Kenneth CORTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56751.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 11, 1979.

Rehearing En Banc Denied June 27, 1979.

Mike Barclay, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Stephen J. Wilensky and Richard G. Worthy, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for theft by check of services of a value of over $200 (V.T.C.A., Penal Code Secs. 31.04, 31.-06). Punishment was assessed at two years.

The conviction in this case must be set aside because the evidence is insufficient to support the allegations in the indictment. The state alleged that appellant:

". . . with intent to avoid payment for the tinting of plate glass windows with Sun-X Film No. F-88 Gold, a service that he knew was provided by Bill Grounder only for compensation, did intentionally and knowingly by deception secure performance of said service of the value of at least $200.00 but less than $10,000.00, by then and there issuing and passing a check on the Southern Bank and Trust Company of Garland, Texas, to the said Bill Grounder for the payment of $386.92 in money of the United States, which check was in the tenor following: [check set out in indictment] when the said John Kenneth Cortez [appellant], the issuer of said check, did not have sufficient funds in and on deposit with said bank for the payment in full of said check, as well as all other checks then outstanding, and thereafter said check was presented to said bank for payment and payment was refused by said bank because the said John Kenneth Cortez had no account as indicated by said check with said bank, said account having been closed prior to the issuance of said check, . . ."

This indictment was drawn under the following portions of Sec. 31.04, supra:

"(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception. . . ."

Sec. 31.01(2) defines "deception" as:

"(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

"(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

"(C) preventing another from acquiring information likely to affect his judgment in the transaction;

"(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property, whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or

"(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of interest or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed."

■ The indictment in this case alleged that the *deception* by which appellant secured performance of the service allegedly stolen was accomplished by means of a certain check (see Sec. 31.06, supra). An examination of the definitions of "deception" in Sec. 31.01(2), as quoted above, reveals that in all but one instance (which is not pertinent here [1]) the deception must be such as is likely to affect the judgment of another in the transaction. Obviously any deception that occurs after the other person has

---

1. Sec. 31.01(2)(D) creates an affirmative obligation to disclose legal impediments to the enjoyment of property when transferring it.

completed performance of the service allegedly stolen would not meet this requirement: once the other person has completed the performance of his obligations in the transaction, any later deception would be incapable of affecting retrospectively his judgment in what he has already completed.

■ The facts of this case measured against the definition of deception reveal that appellant's conduct of issuing and passing the check could not have affected the judgment of the complaining witness in the delivery of the services allegedly stolen, because the check was not issued and passed until after performance of the services had been completed. Although the contract for performance of those services included a promise by appellant to pay for them on completion, and this promise in the contract could have constituted deception under Sec. 31.01(2)(E), supra,[2] the indictment did not allege deception by a promise to pay that appellant did not intend to perform or knew would not be performed. The indictment alleged deception by issuing and passing a certain check. As shown above, the evidence reveals that this alleged conduct could not be deception that secured performance of the allegedly stolen services in this case. Therefore the evidence is insufficient.

The conviction is set aside and the judgment is reformed to show an acquittal.

DOUGLAS, Judge, dissenting.

The majority reverses this case because the evidence is insufficient to support the conviction for the offense charged in the indictment, and yet they have neglected to set out what the facts were.

The record reflects that Bill Grounder, manager of Sun-X Glass Tinting Company, was asked by appellant about tinting the glass in appellant's office at the Cuzzins Dinner Club in Dallas. A sales agreement was signed by appellant and the work was performed by Grounder on September 20,

1974. Later that day, after the work was completed, appellant wrote Grounder a check for $386.92. The check was refused payment by Southern Bank and Trust of Garland, the drawee, and was returned to Grounder with the bank's notation "account closed."

Carl Hendrix, vice-president of Southern Bank & Trust, testified that appellant opened the checking account in question on September 10, 1974, under the trade name of Cuzzins Dinner Club and made an initial deposit of $678.92. Another deposit of $547.15 was made on September 11, 1974. The bank's records which were admitted into evidence show withdrawals of $300 on September 10, 1974, and $926.07 on September 11, 1974. Both Hendrix and William Stokes, a former vice-president of the bank, testified that appellant had applied for a loan on September 10, 1974. Stokes related that the loan application was denied on September 11, 1974. On the same day, at appellant's request, Stokes personally closed the checking account. This was nine days before Grounder performed his services for appellant and received the check in payment.

The indictment recites that the appellant ". . . with intent to avoid payment for the tinting of plate glass windows with Sun-X Film No. F–88 Gold, a service that he knew was provided by Bill Grounder only for compensation, did intentionally and knowingly by deception secure performance of said service of the value of at least $200.00 but less than $10,000.00, by then and there issuing and passing a check on the Southern Bank and Trust Company of Garland, Texas, to the said Bill Grounder for the payment of $386.92 in money of the United States, which check was in the tenor following: [check set out in indictment] when the said John Kenneth Cortez [appellant], the issuer of said check, did not have sufficient funds in and on deposit with said bank for the payment in full of said check, as well as all other checks then

2. *Nota bene* that proof of deception under Sec. 31.01(2)(E) requires more evidence of intent or

knowledge than the mere failure to perform the promise in issue.

outstanding, and thereafter said check was presented to said bank for payment and payment was refused by said bank because the said John Kenneth Cortez had no account as indicated by said check with said bank, said account having been closed prior to the issuance of said check, . . ."

The majority holds that there was no violation of V.T.C.A., Penal Code, Section 31.04, alleged in the indictment or proven by the evidence because the deception occurred only after the performance of the service had been completed. This conclusion is contrary to the record.

V.T.C.A., Penal Code, Section 31.01(2)(A), defines "deception" as:

. "(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true."

The contract signed by appellant and Grounder prior to the performance of the services states that payment is to be made "on completion." The work consumed part of one day and the check was written by appellant and given to Grounder later that day, September 20, 1974. The checking account had been closed on September 11, 1974. Therefore, it is obvious that before any services were rendered appellant had by his words and conduct given the complainant a false impression of fact that he would be paid, i. e., that appellant's method of payment would be good. These words and conduct by appellant very likely affected Grounder's judgment in the transaction. Moreover, the evidence is clear that at the time of contracting appellant did not believe that his check would be good.

This Court is bound to view the evidence in a light most favorable to the verdict. The record before us shows that appellant's deception began before the check was given to the complainant. No reasonable businessman would have entered the contract knowing he would receive a bad check in return. The indictment was sufficient to charge this offense and the evidence is sufficient under Sections 31.04 and 31.01(2)(A) to sustain the conviction.

The judgment should be affirmed.