**Ron PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63600.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 20, 1982.

Kenneth W. Fields, Pampa, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and ODOM and W.C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction of theft. Punishment was assessed at 10 years.

In his fifth ground of error appellant challenges the sufficiency of the evidence to sustain the conviction based on the State's failure to prove the property was obtained without the effective consent of the owner.

V.T.C.A., Penal Code Sec. 31.03 states in part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is *without the owner's effective consent;* (Emphasis added.)

Further, V.T.C.A., Penal Code Sec. 31.01(4) provides:

"(4) 'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if:

"(A) induced by *deception* or coercion; ... .(Emphasis added.)

In addition, Sec. 31.01 states:

"(1) 'Coercion' means a threat, ...

"(2) 'Deception' means:

"(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

"(B) failing to correct a false impression of law or fact ...

"(C) preventing another from acquiring information ...

"(D) selling or otherwise transferring or encumbering property without disclosing ...

"(E) *promising performance that is likely to affect the judgment of another*

**294**

*in the transaction and the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue, without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed . . . ."* (Emphasis added.)

A contractual agreement was entered into by the Anders and the appellant to build an addition to their house for $20,-791.00 with $6,930.33 down payment. The appellant took some measurements and drew up some plans. There is conflicting testimony as to whether the appellant built some forms for the concrete. However, the Anders and the appellant on several occasions spoke with one another after the down payment was made. The record reveals that the appellant could not perform, as per the contract agreement, and told the Anders on several occasions he was having trouble with getting plumbers to do their job.

The down payment was the property allegedly stolen. It was voluntarily delivered to appellant, so the State necessarily was proceeding on the theory that consent was ineffective due to deception. The record does not reveal any deception by false impression of law or fact, preventing information, transferring or incumbering property under Sec. 31.01(2)(A)–(D), supra. The only evidence presented was appellant's failure to perform, which, under Sec. 31.01(2)(E) supra, is not sufficient to prove deception. Therefore, since the down payment was voluntarily given to the appellant pursuant to a contractual agreement and there is insufficient evidence in the record to show the money was obtained by deception, the conviction cannot stand. See, *Cortez v. State,* 582 S.W.2d 119 (Tex.Cr.App.).

The conviction is set aside and the judgment is reformed to show an acquittal.