John Carlton WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00806–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 1988.

Kris Woldy, Houston, for appellant.

John B. Holmes, Dist. Atty., John F. Carroll, Asst. Dist. Atty., for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

John Carlton Webb appeals from a conviction for theft. Following enhancement by proof of prior felony convictions, the court assessed punishment at 25 years imprisonment.

Webb presents five points of error, arguing that: (1) the evidence is insufficient to establish that he intended to deprive the complainant of the property because he acquired the property pursuant to a contract requiring demand, and the complainant failed to demand the return of the property; (2) the court erred in failing to admonish him of the dangers and pitfalls of self-representation, and that his decision to represent himself was therefore not informed and voluntary; (3) because of his involuntary self-representation, he received ineffective assistance of counsel; (4) the trial court erred in refusing to suppress evidence obtained in a warrantless search of his office space; and that (5) the court erred in refusing to suppress evidence obtained pursuant to, but outside the permissible scope of, a warrant to search his personal belongings and briefcase.

We overrule each point of error and affirm the judgment.

The State charged appellant with the crime of theft by deception. The State presented testimony that appellant told the complainants, Victor and Margit Stoyanov, that he would secure the release of their friend, James Source, from jail on bond pending appeal. Mr. and Mrs. Stoyanov testified that they relied upon this representation and paid appellant over $6,500 to secure the release of James Source from jail. Source had been convicted of theft and sentenced to 20 years in prison. Therefore, as a matter of law and fact, James Source was not eligible for bail during the pendency of his appeal. *See* Tex. Code Crim.P.Ann. art. 44.04(b) (Vernon Supp.1988) (defendant may not be released on bail pending appeal from any felony conviction where punishment exceeds 15 years confinement).

Tex.Penal Code § 31.03(a) (Vernon 1988) provides, in pertinent part, that a person commits the offense of theft by unlawfully appropriating "property with intent to deprive the owner of property." Section 31.-03(b)(1) provides that an appropriation is unlawful if "it is without the owner's effective consent." Section 31.01(4)(A) provides that consent is not effective if "induced by deception or coercion." Section 31.01(2) lists five different definitions of deception. The court in this case charged the jury that deception means either

> promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed; or ...

> creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true.

*See* Tex.Penal Code §§ 31.01(2)(A) & (E) (Vernon 1988).

Appellant argues in his first point of error that the evidence was insufficient to support the conviction for theft because he and the Stoyanovs agreed in writing that their money would be refunded upon demand, and there is no proof that they ever demanded the return of their money. The offense of theft is defined not as the failure to return unlawfully appropriated

property upon demand, but rather as the unlawful appropriation of property with the intent to deprive the owner of property. *See* Tex.Penal Code § 31.03(a), *supra*. Where the property in question is acquired through deception, therefore, demand is neither a prerequisite to prosecution for theft nor an element of the offense.

■ Theft convictions resulting from otherwise contractual civil disputes may warrant reversal for insufficient evidence where there is no evidence supporting the requisite criminal intent. *See, e.g., Peterson v. State*, 645 S.W.2d 807 (Tex.Crim. App.1983); *Phillips v. State*, 640 S.W.2d 293 (Tex.Crim.App.1982); *Cox v. State*, 658 S.W.2d 668 (Tex.App.—Dallas 1983, pet. ref'd). The *Phillips* court succinctly stated the evidentiary problem arising from such cases, and the court's rationale, as follows:

> The down payment was the property allegedly stolen. It was voluntarily delivered to appellant, so the State necessarily was proceeding on the theory that consent was ineffective due to deception. The record does not reveal any deception by false impression of law or fact, preventing information, transferring or incumbering property under Sec. 31.-01(2)(A)–(D), supra. The only evidence presented was appellant's failure to perform, which, under Sec. 31.01(2)(E), supra, is not sufficient to prove deception. Therefore, since the down payment was voluntarily given to the appellant pursuant to a contractual agreement and there is insufficient evidence in the record to show the money was obtained by deception, the conviction cannot stand.

*Phillips v. State*, 640 S.W.2d at 294.

■ Here, unlike in *Phillips* and the other cited cases, the critical distinction is that the record shows deception, and not a mere failure to perform. Mr. and Mrs. Stoyanov are naturalized U.S. citizens originally from Austria and Bulgaria. Victor Stoyanov testified that before he and his wife paid appellant the money to gain Source's release, the appellant told them that he was a licensed investigator, that he had connections with lawyers who could gain Source's release in 10 working days, and that he

carried federal subpoenas that he could issue to command the appearance of individuals including James Source. Margit Stoyanov testified to the same effect. The record shows that each of these statements made by the appellant was false.

Further, the record shows that, after receiving the agreed fee of $5,000 for Source's release, appellant demanded an additional $1,500 from the Stoyanovs. Prior to paying the additional $1,500, the Stoyanovs requested proof that Source's release was imminent. Appellant then produced a federal subpoena form that conveyed the impression that James Source was to be delivered to the federal courthouse in Houston, pursuant to a bond issued by "Cotton Belt Bonding Co." with John Webb as guarantor. He then wrote a check to Cotton Belt Bonding Co. in their presence. The record shows that Cotton Belt Bonding Co. was no longer in business at that time. The Stoyanovs requested that they accompany appellant to the federal courthouse to verify that the subpoena was legitimate. Appellant agreed but, upon arriving at the courthouse, told the Stoyanovs that they could not enter the courthouse with him because the courthouse was not open to the public. He told them that he needed to run errands and that they would meet at the federal courthouse later that day and pick up Source. The Stoyanovs returned later that day but appellant never returned. James Source remained in jail, his status unaffected by the spurious subpoena.

There was ample evidence of deception under either definition. Any rational finder of fact could have found all the elements of the offense, including the requisite criminal intent, beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984).

Appellant's first point of error is overruled.

Appellant argues in his second point of error that the trial court erred in failing to fully admonish him of the dangers of self-representation, and to assure itself that he had the necessary education and experience to represent himself. Because of these

alleged failures, appellant asserts that his decision to represent himself was involuntary.

In this country, a person charged with a crime has an independent constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Martin v. State*, 630 S.W.2d 952 (Tex.Crim.App.1982); *Saunders v. State*, 721 S.W.2d 359 (Tex.App.— Tyler 1985, pet. ref'd). An obligation of the trial court is to make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. Here, the record shows the trial court admonished the appellant at length of the dangers of self-representation at a pretrial hearing on appellant's motion for self-representation. The court further made a record as to the appellant's literacy and educational background. The appellant insisted upon self-representation in spite of the trial court's repeated warnings both at the pre-trial hearing and at the trial itself. The record affirmatively shows that appellant was literate, competent, and understanding, and that he voluntarily exercised his informed free will in choosing to represent himself at trial. *Id.*

We overrule appellant's second point of error.

In point of error three, appellant argues that he received ineffective assistance of counsel. Appellant waived this argument by knowingly and voluntarily choosing to represent himself, after being fully admonished by the court concerning the dangers of self-representation. *Martin v. State*, 630 S.W.2d 952, 956–57 (Tex.Crim. App.1982); *Williams v. State*, 549 S.W.2d 183, 189 (Tex.Crim.App.1977).

In point of error five, appellant argues that the court erred in admitting certain evidence in spite of the fact that appellant expressly waived any objections to the admission of such evidence obtained pursuant to a search warrant. Appellant here asserts that, due to his lack of legal training and experience, he did not realize that waiving his objections at trial would preclude appellate review of the evidence allegedly obtained outside the permissible scope of the search warrant issued for his belongings and briefcase. Self-representation may not be manipulated as a mechanism for avoiding the applicable rules of substantive or procedural law. *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. at 2540 n. 46; *Martin*, 630 S.W.2d at 956. Appellant waived any error in the admission of the evidence obtained pursuant to the search warrant by failing to object to its admission at trial.

We overrule points of error three and five.

In his fourth point of error, appellant argues that the court erred in admitting, over objection, evidence obtained from a warrantless search of his business office. The record, including the pre-trial suppression hearing from a previous trial, which appellant agreed should be considered by the trial court in determining the admissibility of the evidence, shows that two investigators from the District Attorney's Office approached the appellant's business office, noticed that the door was ajar, and observed several notices attached to the door. These notices stated that the premises had been abandoned. The investigators then talked with Leslie Thomas, the landlord of the appellant's office building, and she informed them that appellant had not paid rent for four months, and that she had changed the locks and locked appellant out of the space. She was thereby asserting a landlord's lien for non-payment of rent and believed that the premises had been abandoned. The investigators entered the premises using a pass-key obtained from the landlord and obtained several incriminating pieces of evidence.

The lease agreement covering appellant's office entitled the building management to take possession of the property for non-payment of rent, and appellant had not paid the rent or his employees at the building for several months. It is firmly established that a defendant has standing to challenge the validity of a search only if

that search invades the defendant's legitimate expectation of privacy. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

Because appellant had long since defaulted on the lease, the locks had been changed, and the landlord was in possession, to the exclusion of appellant and all others, under a landlord's lien, appellant had no legitimate expectation of privacy in the premises and thus, no standing to contest the search. *Rakas v. Illinois,* 439 U.S. at 148, 99 S.Ct. at 432; *Bass v. State,* 713 S.W.2d 782, 786 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Salpas v. State,* 642 S.W.2d 71, 73 (Tex.App.—El Paso 1982, no pet.); *United States v. Buchanan,* 633 F.2d 423 (5th Cir.1980), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981).

Appellant's fourth point of error is overruled.

The judgment is affirmed.