TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00248-CR







Daniel Anders, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF ATASCOSA COUNTY, 218TH JUDICIAL DISTRICT


NO. 97-11-0278-CRA, HONORABLE STELLA SAXON, JUDGE PRESIDING







A jury found appellant Daniel Anders guilty of theft. See Tex. Penal Code Ann.
§ 31.03(a), (e)(4)(A) (West Supp. 2000). The district court assessed punishment at incarceration
in a state jail for two years, but suspended imposition of sentence and placed appellant on
community supervision. We will affirm.

In November 1996, appellant ran a newspaper advertisement offering to purchase
cameras, lenses, and related equipment. Ruth Burgess responded to the advertisement. Appellant
and his wife came to Burgess's home on November 21 and purchased miscellaneous photography
equipment for $325 cash. Appellant also expressed an interest in Burgess's five-year-old
Hasselblad medium format camera, which she offered to sell for $1800. Burgess testified that
appellant told her he had a friend who would buy the camera. Appellant gave Burgess an undated
check for $1800 and asked her not to deposit it until he called to confirm the sale. According to
Burgess, appellant told her that the sale would take place within two weeks.

By mid-December, Burgess had not heard from appellant. She attempted to call
him but his telephone was disconnected. She wrote a letter of inquiry to appellant and mailed it
return receipt requested. Although appellant received the letter, he did not respond. Burgess sent
appellant a second letter advising him that if he did not respond by a date certain, she would
deposit his check. Again, appellant received the letter but did not respond. Burgess deposited
the check on January 10, 1997. It was returned for insufficient funds. 

Appellant testified that he told Burgess he would try to sell her camera for $1800,
but that he believed it was worth half that. He said that the check he gave Burgess was blank
when he signed it, and that his wife added the amount without his knowledge. Appellant denied
telling Burgess that he could sell the camera in two weeks. Instead, he told her it could take a
year or more to sell that type of camera. He acknowledged having the camera in January 1997
when Burgess began writing him. He said he did not offer to return the camera to Burgess
because, "Had she wanted the camera she wouldn't have tried to sell it in the first place." 
Instead, appellant sent the camera to a dealer in Utica, New York, hoping he could sell the camera
for the amount Burgess was demanding. Appellant had since been unable to contact this dealer.

Appellant contends the district court erred by overruling his motion for an
instructed verdict of acquittal. Such a point is, in effect, a challenge to the legal sufficiency of
the evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). Therefore,
we will consider this point together with the point expressly making that contention. The question
we must answer is whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 

Theft is the unlawful appropriation of property with the intent to deprive the owner
of the property. Tex. Penal Code Ann. § 31.03(a) (West Supp. 2000). Appropriation is unlawful
if it is without the owner's effective consent. Id. § 31.03(b)(1). Consent is not effective if it is
induced by deception. Id. § 31.01(3)(A). Appellant contends the State failed to prove that he
deceived Burgess. Appellant asserts that Burgess gave him the camera to sell on a consignment
basis, and that he cannot be prosecuted for theft merely because he failed to sell the camera as
quickly as Burgess hoped. See id. § 31.01(1)(E) (mere failure to perform promise does not prove
that nonperformance was intentional); see also Phillips v. State, 640 S.W.2d 293, 294 (Tex.
Crim. App. 1982). Appellant asserts that when a taking is open and under a claim of right, the
question should be settled in a civil suit. See Black v. State, 4 S.W.2d 977 (Tex. Crim. App.
1928).

Burgess testified that appellant told her he could sell the camera for $1800 within
two weeks. Appellant denied making this statement, but the jury was free to disbelieve his
testimony and believe hers. See Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin
1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979) (jury is exclusive judge of
credibility of witnesses and weight to give their testimony). It is undisputed that appellant did not
sell the camera, and that he neither responded to Burgess's inquiries nor offered to return the
camera to her. Viewing all the evidence in the light most favorable to the verdict, a rational trier
of fact could find beyond a reasonable doubt that appellant's statements to Burgess created a false
impression of fact that he knew was untrue, and that he did not intend to perform his promise to
sell the camera. See Penal Code § 31.01(1)(A), (E). Points of error two and three are overruled.

Appellant also contends the jury's verdict is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet.
ref'd as untimely filed) (factual sufficiency review). Under this point, appellant asserts that
Burgess was guilty of unilaterally abridging her contract with him, and thereafter enlisted the State
to collect restitution for an amount exceeding the value of the camera.

We are not free to reweigh the evidence and set aside a verdict merely because we
feel that a different result is more reasonable. See Clewis, 922 S.W.2d at 135; Reina v. State, 940
S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must maintain appropriate deference
to the jury's verdict by finding error only when the verdict is so against the great weight of the
evidence as to be clearly wrong and unjust. See Reina, 940 S.W.2d at 773. Considering all the
evidence equally, the jury's conclusion that this was a case of theft, and not a mere contract
dispute, is not clearly wrong and unjust. 

As to the value of the camera, the evidence was mixed. Appellant and a
professional photographer called by the defense testified that a Hasselblad camera of the type and
age in question was worth about $900. The professional photographer also testified, however,
that a five-year-old Hasselblad would retain about seventy-five percent of its original value. 
Burgess testified that the camera cost $2300 when new. Seventy-five percent of that would be
$1725, close to the $1800 value Burgess attributed to the camera. The evidence is factually
sufficient to support the finding that appellant stole property having a value of $1500 or more, and
to support the court's restitution order. Point of error four is overruled.

Appellant contends the district court erred by "declining to hear and rule on
appellant's motion to dismiss for improper grand jury procedures." As stated, the contention is
without merit; the clerk's record contains the court's written order overruling the motion. In his
argument in support of this point, appellant complains that the grand jury indicted him without
considering "all the evidence which [was] accessible," noting that Burgess did not appear before
it. See Tex. Code Crim. Proc. Ann. art. 20.19 (West 1977). This argument is also without
merit. Appellate courts will not go behind the face of an indictment to determine if all possible
evidence was considered, or if sufficient evidence was presented to warrant the indictment. See
Carpenter v. State, 477 S.W.2d 22, 23 (Tex. Crim. App. 1972); see also State v. Rosenbaum,
910 S.W.2d 934, 947 (Tex. Crim. App. 1994). Point of error one is overruled.

Finally, appellant contends the prosecutor stated facts not in evidence during her
final argument to the jury. Any error was not preserved. Appellant objected to the argument,
but did not obtain an adverse ruling. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1(a)(2). Point of error five is overruled.

The judgment of conviction is affirmed.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish



G Times Regular">It is undisputed that appellant did not
sell the camera, and that he neither responded to Burgess's inquiries nor offered to return the
camera to her. Viewing all the evidence in the light most favorable to the verdict, a rational trier
of fact could find beyond a reasonable doubt that appellant's statements to Burgess created a false
impression of fact that he knew was untrue, and that he did not intend to perform his promise to
sell the camera. See Penal Code § 31.01(1)(A), (E). Points of error two and three are overruled.

Appellant also contends the jury's verdict is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet.
ref'd as untimely filed) (factual sufficiency review). Under this point, appellant asserts that
Burgess was guilty of unilaterally abridging her contract with him, and thereafter enlisted the State
to collect restitution for an amount exceeding the value of the camera.

We are not free to reweigh the evidence and set aside a verdict merely because we
feel that a different result is more reasonable. See Clewis, 922 S.W.2d at 135; Reina v. State, 940
S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must maintain appropriate deference
to the jury's verdict by finding error only when the verdict is so against the great weight of the
evidence as to be clearly wrong and unjust. See Reina, 940 S.W.2d at 773. Considering all the
evidence equally, the jury's conclusion that this was a case of theft, and not a mere contract
dispute, is not clearly wrong and unjust. 

As to the value of the camera, the evidence was mixed. Appellant and a
professional photographer called by the defense testified that a Hasselblad camera of the type and
age in question was worth about $900. The professional photographer also testified, however,
that a five-year-old Hasselblad would retain about seventy-five percent of its original value. 
Burgess testified that the camera cost $2300 when new. Seventy-five percent of that would be
$1725, close to the $1800 value Burgess attributed to the camera. The evidence is factually
sufficient to support the finding that appellant stole property having a value of $1500 or more, and
to support the court's restitution order. Point of error four is overruled.

Appellant contends the district court erred by "declining to hear and rule on
appellant's motion to dismiss for improper grand jury procedures." As stated, the contention is
without merit; the clerk's record contains the court's written order overruling the motion. In his
argument in support of this point, appellant complains that the grand jury indicted him without
considering "all the evidence which [was] accessible," noting that Burgess did not appear before
it. See Tex. Code Crim. Proc. Ann. art. 20.19 (West 1977). This argument is also without
merit. Appellate courts will not go behind the face of an indictment to determine if all possible
evidence was considered, or if sufficient evidenc