In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-223 CR


____________________



JONATHAN MIZIOLER, Appellant



V.



STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 01-167894






OPINION


 A jury convicted appellant of the misdemeanor offense of Theft "A." Punishment
was assessed by the trial court at one year confinement in the Montgomery County Jail,
and a fine of $500. Imposition of appellant's incarceration was suspended and he was
placed on community supervision for a term of two years by the trial court. The only
issues for appellate review complain of the existence of legally and factually sufficient
evidence to sustain appellant's conviction. 

 The pertinent wording contained in the information charging appellant with theft
reads, ". . . with intent to deprive the owner of property, namely, TOBY REYNOLDS,
did appropriate property, to wit: A CHECK, of the value of $500 or more but less than
$1500, without the effective consent of TOBY REYNOLDS, . . . ." Certain basic facts
are not in dispute. The complainant, Toby Reynolds, testified that he gave appellant, a
used-car dealer, $1,000 down for the purchase of a vehicle that was not in running
condition when Reynolds gave appellant the down payment. Reynolds was told by
appellant that a computer would have to be installed prior to delivery of the vehicle to
Reynolds. 

 The gravamen of the dispute arose when the vehicle was not ready for delivery
when Reynolds believed it would be, based upon appellant's representations. A heated
confrontation took place when Reynolds showed up at appellant's dealership after hours. (1)
During the course of this confrontation, appellant directed his wife to write a personal
check to Reynolds for $1,000 and give it to Reynolds. This check for $1,000 was given
to Reynolds on the evening of April 9, 2001. The next day, appellant's wife went to the
bank and executed a stop payment order on the check. Reynolds subsequently contacted
the Montgomery County Sheriff's Office, which resulted in the theft charge against
appellant. 

 Tex. Pen. Code Ann. § 31.03 (Vernon 2003), states in part:

 (a) A person commits an offense if he unlawfully appropriates property
with intent to deprive the owner of property.


 (b) Appropriation of property is unlawful if:


 (1) it is without the owner's effective consent[.] 


(Emphasis added).


 Tex. Pen. Code Ann. § 31.01(3) (Vernon 2003) provides:

 (3) "Effective consent" includes consent by a person legally authorized to
act for the owner. Consent is not effective if:


 (A) induced by deception or coercion[.] 


(Emphasis added).

 Additionally, section 31.01 states:

 (1) "Deception" means:


 (A) creating or confirming by words or conduct a false impression of
law or fact that is likely to affect the judgment of another in the transaction,
and that the actor does not believe to be true;


 (B) failing to correct a false impression of law or fact . . . 


 (C) preventing another from acquiring information likely to affect his
judgment in the transaction; 


 (D) selling or otherwise transferring or encumbering property without
disclosing a lien, . . . 


 (E) promising performance that is likely to affect the judgment of
another in the transaction and that the actor does not intend to perform or
knows will not be performed, except that failure to perform the promise in
issue without other evidence of intent or knowledge is not sufficient proof that
the actor did not intend to perform or knew the promise would not be
performed.


(Emphasis added). 

 At the outset, we wish to address the State's position on appeal with regard to
appellant's contention that the entire transaction between appellant and Reynolds is
ultimately a contractual dispute. The State strenuously denies this in its appellate brief by
contending that "any 'contract' was over the moment Appellant gave Reynolds the check
on April 9, 2001." Indeed, the State frames the issue as "whether stopping payment on
a check, which had already been given to another, constituted theft." The State's position,
in a nutshell, is that it was not Reynolds' deposit check to appellant that was the basis for
the theft prosecution, but the "refund" check, because "[o]nce Appellant gave Reynolds
the one thousand dollar check, written out to Reynolds, Reynolds became the owner of that
check as possessor and 'holder in due course of a negotiable instrument.' See Tex. Pen.
Code Ann. § 1.07(a)(35) (Vernon 2003)." Other than setting-out the basic statutory
provisions contained in the Penal Code for the offense of theft, and the definition of
"owner," as including a "holder in due course," the State provides no authority for this
theory of prosecution.

 We cannot ignore the entirety of the context in which Reynolds came to be a
"possessor" of the "refund" check in question. By definition, a "holder in due course"
takes an instrument for value in good faith and without notice, either that the instrument
is overdue or has been dishonored or that any person has a defense against or claim to the
instrument. Tex. Bus. & Com. Code Ann. § 3.302(a)(1), (2)(A)-(C) (Vernon 2002). The
check from appellant to Reynolds was based entirely on the events of the previous days in
which Reynolds expressed an interest in purchasing the vehicle in question, to which
appellant indicated that before he could deliver the vehicle to Reynolds a new "computer"
would have to be installed, which was either accomplished or was in the process of being
accomplished when Reynolds showed up the night of April 9, 2001, after business hours,
to secure delivery of the vehicle. Generally, the payee on a check is not considered a
"holder in due course." See Friddell v. Greathouse, 230 S.W.2d 579, 580 (Tex. Civ.
App.--Dallas 1950, writ dism'd w.o.j.). And the check simply reflected the $1,000
deposit that Reynolds gave to appellant at the time of the negotiations for the purchase of
the vehicle. 

 We believe this case is governed by Phillips v. State, 640 S.W.2d 293 (Tex. Crim.
App. 1982). In Phillips, a contractual agreement was entered into between the defendant
and the complainants for the defendant to build an addition onto a house. Id. at 294. 
Complainants gave the defendant a down-payment. The defendant took some
measurements and drew up plans, but there was conflicting evidence as to whether the
defendant built forms for concrete. Ultimately, the defendant could not perform as per the
contract and told the complainants on several occasions he was having trouble with certain
sub-contractors' work. Phillips was charged with the theft of the down-payment. The
Court of Criminal Appeals noted that the down-payment was given to Phillips voluntarily
pursuant to the contractual agreement, and held there was insufficient evidence to show the
down-payment was obtained by deception. The conviction could not stand. Id. 

 In the instant case, as the "refund" check relates directly back to the transaction
involving the purchase of the vehicle by Reynolds and his $1,000 deposit check, in order
to successfully prosecute appellant for theft, there must be proof in the record that
appellant's intent to deprive Reynolds of the $1,000 was present at the time Reynolds
tendered his deposit check to appellant. See Wilson v. State, 663 S.W.2d 834, 836-37
(Tex. Crim. App. 1984). From the record evidence, no such intent can be inferred. 
Reynolds admitted that appellant informed him the vehicle was not running and would
require the installation of a computer. Nevertheless, Reynolds tendered the $1,000 to
appellant prior to the vehicle being operable. The record indicates that a contract (2) for the
sale of the vehicle was contemplated by both parties. 

 Essentially, this case involves a contractual dispute. As in Phillips, the only
"deceptive intent" evidence presented was appellant's failure to perform, which, under
section 31.01(1)(E), is not sufficient to prove deception without other evidence of
deceptive intent. Again, the focus on any "deceptive intent" would be at the time of
appellant's acquisition of Reynolds' deposit check. (3) As such, we hold that, after viewing
all the evidence in the light most favorable to the verdict, no rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, the
judgment of the trial court must be reversed and an order of acquittal rendered. Tex. R.
App. P. 43.2(c); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978);
Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

 REVERSED AND RENDERED.


 PER CURIAM


Submitted on June 9, 2003

Opinion Delivered August 27, 2003

Do Not Publish

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Appellant's home was also on the premises of his dealership. 
2. See Tex. Bus. & Com. Code Ann. § 2.204 (Vernon 1994) ("(a) A contract for sale
of goods may be made in any manner sufficient to show agreement, including conduct by
both parties which recognizes the existence of such a contract."). 
3. For example, there was no evidence elicited at trial indicating appellant had ever
engaged in similar business practices which resulted in the eventual forfeiture of deposits
or down payments for vehicles without the vehicles being subsequently tendered to the
purchasers. See e.g., Ratcliff v. State, 504 S.W.2d 883, 886 (Tex. Crim. App. 1974);
Keller v. State, 818 S.W.2d 425, 429 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).