

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00158-CR

**SUSAN HARGRAVE,**

                                                                         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                         **Appellee**

_____

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 31907CR

_____

## MEMORANDUM  OPINION

_____

Appellant Susan Hargrave was charged by indictment with the state jail felony offense of theft of service (greater than $1,500 but less than $20,000).  The trial court found her guilty and assessed punishment at 730 days' confinement and a $1,000 fine.  The court then suspended the sentence and placed Hargrave on community supervision for three years.  By one issue, Hargrave contends that the evidence is legally insufficient to support her conviction.  We will affirm.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Section 31.04(a)(1) of the Penal Code provides: "(a) A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation: (1) he intentionally or knowingly secures performance of the service by deception, threat, or false token." TEX. PEN. CODE ANN. § 31.04(a)(1) (Vernon 2003). "Deception" is defined in section 31.01(1) of the Penal Code to mean:

> (A)   creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;
>
> (B)   failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;
>
> . . . .
>
> (E)   promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or

knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id.* § 31.01(1)(A), (B), (E) (Vernon 2003).

In this case, Richard Young performed well repair services for Hargrave. Young testified that when he checked the well, he discovered that "the problem was down the hole"; therefore, he had to "pull the well." The cost to do this was $1,500, which Hargrave paid with a check. Once Young pulled the well, he was then able to figure out "what was wrong with it," and he repaired the problem that same day by installing a new pump. The cost for the repair was $3,750, which Hargrave paid with a second check. Both checks were later returned for insufficient funds. On the date the checks were drawn, the account had a balance of $732.89.

Citing *Cortez v. State*, 582 S.W.2d 119 (Tex. Crim. App. 1979), and *Gibson v. State*, 623 S.W.2d 324 (Tex. Crim. App. 1980), Hargrave argues that the evidence is legally insufficient to sustain her conviction because each insufficient-funds check was given for past services rather than for future services and, therefore, the checks were not used to secure service as required by the statute.

In *Cortez*, the defendant paid for window tinting with an insufficient-funds check and was convicted of theft by check of services. The Court of Criminal Appeals reversed, stating that the statute requires a deceptive act which affects the judgment of another. Because defendant's sole deceptive act was paying with an insufficient-funds

check after his windows had been tinted, the check could not have affected the vendor's judgment. *Cortez*, 582 S.W.2d at 120-21.

In *Gibson*, the defendant was convicted of theft by check of services for paying his hotel bill with a check drawn on a bank at which he had no account. A Court of Criminal Appeals panel reversed, citing *Cortez* and holding that the check could not have induced the hotel to provide any services since it was given after the services had been rendered. *Gibson*, 623 S.W.2d at 325-26. The State filed a motion for rehearing that was heard by the court en banc. In that motion, the State argued that, after passing the check, the defendant incurred additional charges of $142.58 and that his check confirmed the false impression that he intended to pay for his entire bill. That false impression, according to the State, affected the hotel's judgment in the events following the check's receipt. *Id.* at 329. Judge Clinton, writing for the court, rejected the State's argument for two reasons. First, Section 31.04(a) required, at that time, theft of at least $200.00 in services. The post-check services totaled only $142.58. Secondly, the evidence established that the hotel did not rely upon the check because it immediately undertook significant activity to determine its validity. *Id.* at 331.

Based on *Cortez* and *Gibson*, we agree with Hargrave that an insufficient-funds check given to pay an antecedent debt, without more, does not violate Section 31.04(a). However, this case involves more than just one insufficient-funds check given to pay an antecedent debt.

Viewing the evidence in the light most favorable to the finding of guilt, a rational trier of fact could have found that Hargrave gave Young the $1,500 check for pulling the

well and that, secure in the thought that past services had been paid and that future performance would be also, Young then repaired the well by installing the new pump. A rational trier of fact could conclude that, had Hargrave told Young that she did not have sufficient funds to pay for pulling the well, Young would not have performed the remaining repairs, causing him to sustain an additional $3,750 in damages. *See Huse v. State*, 180 S.W.3d 847, 850-53 (Tex. App.—Eastland 2005, pet. ref'd).  We thus hold that the evidence is legally sufficient to support Hargrave's conviction for theft of service. Her sole issue is overruled, and we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed February 10, 2010
Do not publish
[CR25]