IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00158-CR

 

Susan Hargrave,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 31907CR

 



MEMORANDUM  Opinion



 

Appellant Susan Hargrave was charged by
indictment with the state jail felony offense of theft of service (greater than
$1,500 but less than $20,000).  The trial court found her guilty and assessed
punishment at 730 days’ confinement and a $1,000 fine.  The court then
suspended the sentence and placed Hargrave on community supervision for three
years.  By one issue, Hargrave contends that the evidence is legally insufficient
to support her conviction.  We will affirm.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Section 31.04(a)(1) of the Penal Code
provides:  “(a) A person commits theft of service if, with intent to avoid
payment for service that he knows is provided only for compensation:  (1) he
intentionally or knowingly secures performance of the service by deception,
threat, or false token.”  Tex. Pen. Code
Ann. § 31.04(a)(1) (Vernon 2003).  “Deception” is defined in section
31.01(1) of the Penal Code to mean:

(A)      
creating or
confirming by words or conduct a false impression of law or fact that is likely
to affect the judgment of another in the transaction, and that the actor does
not believe to be true;

 

(B)       
failing to correct a
false impression of law or fact that is likely to affect the judgment of
another in the transaction, that the actor previously created or confirmed by
words or conduct, and that the actor does not now believe to be true;

 

. . . .

 

(E)    promising performance that is
likely to affect the judgment of another in the transaction and that the actor
does not intend to perform or knows will not be performed, except that failure
to perform the promise in issue without other evidence of intent or knowledge
is not sufficient proof that the actor did not intend to perform or knew the
promise would not be performed.

 

Id. § 31.01(1)(A), (B), (E) (Vernon 2003).

 

In this case, Richard Young performed
well repair services for Hargrave.  Young testified that when he checked the
well, he discovered that “the problem was down the hole”; therefore, he had to
“pull the well.”  The cost to do this was $1,500, which Hargrave paid with a
check.  Once Young pulled the well, he was then able to figure out “what was
wrong with it,” and he repaired the problem that same day by installing a new
pump.  The cost for the repair was $3,750, which Hargrave paid with a second
check.  Both checks were later returned for insufficient funds.  On the date
the checks were drawn, the account had a balance of $732.89.

            Citing Cortez v. State,
582 S.W.2d 119 (Tex. Crim. App. 1979), and Gibson v. State, 623 S.W.2d
324 (Tex. Crim. App. 1980), Hargrave argues that the evidence is legally insufficient
to sustain her conviction because each insufficient-funds check was given for past
services rather than for future services and, therefore, the checks were not
used to secure service as required by the statute.

In Cortez, the defendant paid for
window tinting with an insufficient-funds check and was convicted of theft by
check of services.  The Court of Criminal Appeals reversed, stating that the
statute requires a deceptive act which affects the judgment of another. 
Because defendant’s sole deceptive act was paying with an insufficient-funds
check after his windows had been tinted, the check could not have affected the
vendor’s judgment.  Cortez, 582 S.W.2d at 120-21.

            In Gibson, the
defendant was convicted of theft by check of services for paying his hotel bill
with a check drawn on a bank at which he had no account.  A Court of Criminal
Appeals panel reversed, citing Cortez and holding that the check could
not have induced the hotel to provide any services since it was given after the
services had been rendered.  Gibson, 623 S.W.2d at 325-26.  The
State filed a motion for rehearing that was heard by the court en banc.  In
that motion, the State argued that, after passing the check, the defendant
incurred additional charges of $142.58 and that his check confirmed the false
impression that he intended to pay for his entire bill.  That false impression,
according to the State, affected the hotel’s judgment in the events following
the check’s receipt.  Id. at 329.  Judge Clinton, writing for the court,
rejected the State’s argument for two reasons.  First, Section 31.04(a)
required, at that time, theft of at least $200.00 in services.  The post-check
services totaled only $142.58.  Secondly, the evidence established that the
hotel did not rely upon the check because it immediately undertook significant
activity to determine its validity.  Id. at 331.

            Based on Cortez and Gibson,
we agree with Hargrave that an insufficient-funds check given to pay an
antecedent debt, without more, does not violate Section 31.04(a).  However,
this case involves more than just one insufficient-funds check given to pay an
antecedent debt.

Viewing the evidence in the light most
favorable to the finding of guilt, a rational trier of fact could have found that
Hargrave gave Young the $1,500 check for pulling the well and that, secure in
the thought that past services had been paid and that future performance would
be also, Young then repaired the well by installing the new pump.  A rational
trier of fact could conclude that, had Hargrave told Young that she did not
have sufficient funds to pay for pulling the well, Young would not have
performed the remaining repairs, causing him to sustain an additional $3,750 in
damages.  See Huse v. State, 180 S.W.3d 847, 850-53 (Tex. App.—Eastland
2005, pet. ref’d).  We thus hold that the evidence is legally sufficient to
support Hargrave’s conviction for theft of service.  Her sole issue is
overruled, and we affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed February 10, 2010

Do
not publish

[CR25]






em.  In addition,
several “motions” have been tendered to the Clerk, none of which was considered
by the trial court.